ORDERED in the Southern District of Florida on 06/18/09.



Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:                                              Case No. 08-25185-BKC-RBR

SFD @ HOLLYWOOD, LLC,                               Chapter 11
a Florida limited liability company,

    Debtor and Debtor-in-Possession.
_____/

### ORDER GRANTING MOTION TO INTERVENE

THIS MATTER came before the Court for hearing on May 21, 2009, upon the Motion to Intervene in Particular Contested Matter and Consolidate Related Contested Matters (the "Motion to Intervene") [D.E. 128], filed by Abele Realty Group, LLC ("Abele"), and the Motion to Authorize and/or Adapt B.R. 7024 in Contested Matter (the "7024 Motion") [D.E. 129], filed by VCI Building, LLC ("VCI"). The Court has heard from counsel, reviewed the contents of the case file, and is otherwise duly informed. For the reasons delineated below, the Court will grant the Motion to Intervene.

<u>Background and Procedural History</u>

On October 14, 2008, SFD @ Hollywood (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor's schedules [D.E. 19] identify Ocean Bank as holding a secured claim in the amount of $2,007,890.75 against certain real property valued at approximately $6 million. The schedules also disclose priority claims and general

unsecured claims in the aggregate amounts of $89,932.84 and $148,591.75, respectively. In light of the above numbers, the Debtor asserts that this case could result in equity security holders receiving a distribution.

On December 30, 2008, VCI filed a proof of claim in the amount of $6 million. The Debtor filed an objection to VCI's claim on February 24, 2009 [D.E. 73], and an amended claim objection (the "Claim Objection") [D.E. 106] on April 15, 2009. The Claim Objection is a contested matter subject to Bankruptcy Rule 9014, and has trial dates of July 1 and July 2, 2009.

Abele, an equity shareholder of the Debtor, filed the Motion to Intervene on May 1, 2009. The Motion to Intervene asks the Court to: (1) authorize Abele to participate in the Claim Objection matter, and (2) consolidate that matter with a joinder that Abele filed to the Claim Objection (the "Joinder") [D.E. 119].

Also on May 1, 2009, VCI filed the 7024 Motion. The 7024 Motion requests that the Court adopt Bankruptcy Rule 7024 ("Rule 7024") in the Claim Objection matter   Rule 7024 applies Rule 24 F.R. Civ. P. ("Rule 24") in adversary proceedings. In turn, Rule 24 contemplates two types of intervention: intervention by right and permissive intervention. Rule 24 further directs the court to consider whether a proposed intervention will unduly delay or prejudice the adjudication of the original parties' rights.

## Conclusions of Law

The issue before the Court is whether Abele may intervene in the Claim Objection matter and, if so, whether the Court may limit the intervention by adopting Rule 7024.

Section 1109(b) of the Bankruptcy Code provides in relevant part, "A party in interest, including...an equity security holder...may raise and may appear and be heard on any issue in a case under this chapter." The Court begins its analysis with the understanding that Congress "says in a statute what it means and means in a statute what is says there." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (*quoting Connecticut*

*Nat. Bank v. Germain*, 593 U.S. 249, 254 (1992)). Where the language of a statute is clear, the sole function of the courts is to enforce it according to its terms. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989).

Nothing in the language of § 1109(b) contravenes its otherwise plain meaning; namely, that parties in interest, including equity security holders, have an unfettered right to be heard on any issue in a chapter 11 case. A "party of interest" under § 1109(b) is any person with a direct financial stake in the outcome of the case. *See Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995). As an equity shareholder of the Debtor, Abele obviously has a direct financial stake in the outcome of this case. Pursuant to § 1109(b), Abele is a party in interest and may intervene in the Claim Objection matter.

VCI argues that, pursuant to Bankruptcy Rule 9014, the Court should adopt Rule 7024 in the Claim Objection matter.[1] As stated, Rule 7024 applies Rule 24, which outlines what factors a court should consider in the context of a permissive intervention. The Court notes that chapter 11 was designed to encourage creditors and equity holders to engage in negotiations toward a resolution of their interests. 7 *Collier on Bankruptcy* ¶ 1109.02 (15th ed. rev. 2009). The ability of individual stakeholders to have a voice in the chapter 11 process is thus a fundamental one. *Id*. In light of this policy and the express language of § 1109(b), the Court declines to adopt Rule 7024 to the Claim Objection matter.

Assuming, *arguendo*, the Court adopted Rule 7024 to the Claim Objection matter, Rule 24 provides that a court must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute[.]" Given the language of § 1109(b), it appears that Abele would have an intervention of right under Rule 24 even if the Court were to adopt Rule 7024 to this matter.

In light of the foregoing, it is hereby

---

[1] Bankruptcy Rule 9014(c) provides in part, "The court may at any stage in a particular matter direct that one or more of the other rules of Part VII shall apply."

Page 3 of 4

**ORDERED** that the Motion to Intervene [D.E. 128] is **GRANTED**. Abele may participate in, and the Joinder [D.E. 117] is consolidated with, the Claim Objection matter. The 7024 Motion [D.E. 129] is **DENIED**.

###

The Clerk shall provide copies to:

Michael Bakst, Esq.
Thomas Messana, Esq.
Arthur Rice, Esq.